UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUNNYDELL PLAZA, LLC,

    Plaintiff,

v.

Case No. 2:25-cv-244-KCD-NPM

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This is an insurance breach of contract action stemming from Hurricane Ian. (Doc 3.)[1] After the storm, Plaintiff Sunnydell Plaza, LLC filed a claim to recover building damage and business interruption losses under its policy with Westchester Surplus Lines Insurance Company. (Doc 3.)

The parties disagreed on the damage and turned to the policy's appraisal process to decide the amount. Several months later, the appraisal panel issued its award. (Doc. 3 at 85.) The policy governs when Westchester must pay the appraisal award. According to Sunnydell, Westchester failed to timely pay the award, so it filed this case for breach of contract. The complaint also alleges Westchester has not paid a separate business interruption claim.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Westchester removed the case based on diversity jurisdiction. (Doc. 1.) Between the case's filing and when it was removed, Westchester paid the appraisal award in full. Westchester has moved to dismiss, arguing that since the appraisal award was fully paid, this claim is moot. (Doc. 16.) As for the business interruption claim, Westchester argues that it is unripe because the claim is still under review. (*Id.*)

Before reaching the mootness and ripeness issues, the Court must address a more fundamental problem with jurisdiction that has been lingering since the case was removed. Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A defendant can remove a case from state court to federal court if the case could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*,

330 F.3d 1308, 1310 (11th Cir. 2003). He must show, by a preponderance of the evidence, facts supporting jurisdiction. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Pertinent here, when determining the amount in controversy, a district court may consider the complaint, the defendant's notice of removal, and other relevant evidence submitted by the parties. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

The Court sees a problem with the amount in controversy. In the notice of removal, Westchester relies on the appraisal award and a business interruption policy limit of $252,000. (Doc. 1 at ¶¶ 14, 17, 20, 21.) As for the former, at the time of removal, Westchester had paid the appraisal award. So as far as the Court can tell, the amount of Sunnydell's loss cannot be pegged to the appraisal award because it had already been paid.

As for the business interruption claim, the Court has no evidence showing what that loss amount would be. And simply alleging the policy limits amount does not suffice. *See Sten v. First Liberty Ins. Corp.*, 424 S. Supp. 3d 1164, (S.D. Fla. 2020) ("Policy limits, in and of themselves, are not reliable

3

indicators of the actual value of a claim because a policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit."). And if the business interruption claim is unripe, as Westchester asserts, the amount in controversy would not be established. *See Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) ("If a claim is not ripe, and cannot be heard by a federal court, its value means nothing insofar as the amount-in-controversy requirement is concerned.").

The Notice of Removal contains no other factual allegations about the business interruption claim, nor does Westchester submit any evidence about it. And although Sunnydell makes a general statement of its alleged injuries in the complaint (Doc. 3 at 3), such allegations are insufficient alone to establish subject-matter jurisdiction. *See Lowery v. Ala. Power Co.*, 438 F.3d 1184, 1215 (11th Cir. 2007) (defendants, nor the court, may speculate to make up for a notice of removal's failings); *Jennings v. Powermatic*, No. 3:13-cv-921-J-32JBT, 2013 WL 6017313, at *2 (M.D. Fla. Nov. 13, 2013) (noting that the court may use reasonably deductions and common sense in determining whether the jurisdictional threshold has been met, but may not speculate or guess, and there must be some supporting evidence to do so).

At bottom, Westchester has not shown "by a preponderance of the evidence" that subject-matter jurisdiction exists over either the appraisal

4

award or business interruption claims. To remedy these deficiencies, Westchester may supplement the notice of removal. *See* 28 U.S.C. § 1653.

It is now **ORDERED**:

Defendant must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction by **September 30, 2025**. **Failure to do so will result in the Court remanding this case for lack of subject-matter jurisdiction without further notice**.

**ORDERED** in Fort Myers, Florida on September 16, 2025.

Kyle C. Dudek
United States District Judge